**STATE OF MAINE**
**SAGADAHOC, ss**

**SUPERIOR COURT**
**CIVIL ACTION**
**DOCKET NO. RE-10-45**
*AMH - SAG - 10/17/2011*

ANNE C. GOULD, )
)
      **Plaintiff** )
)
)
vs. )
)
)
SARAH ISAACSON, )
)
      **Defendant** )

**FINAL ORDER AND JUDGMENT**
**CONFIRMING ARBITRATOR'S AWARD,**
**TERMINATING TRUST AND**
**ORDERING STATUTORY PARTITION**
**(Title to Real Estate is Affected)**

        This matter comes before the Court on the Complaint of the Plaintiff, Anne C. Gould dated November, 2, 2010. Peter J. DeTroy, Esq., having been duly appointed as Arbitrator by Order of this Court dated March 24, 2011, has made an arbitration award dated August 7, 2011 (hereinafter, "the Arbitrator Award") based upon the testimony of the parties, the documentary evidence and other submissions to the Arbitrator. Gould having made timely application for confirmation of the Arbitration Award in accordance with Title 14 M.R.S. §5937, and the Court finding good cause for the granting of the relief sought by the Application, the Application is granted, and the Arbitration Award is hereby approved and confirmed pursuant to Title 14 M.R.S. §5940. Judgment is accordingly entered on the Plaintiff's Complaint on Counts I, II and IV consistently with the Arbitration Award which shall be deemed incorporated into, but not merged with this Final Judgment.

        Accordingly, as to Count II, the trust known as the Chaplin Family Management Trust is hereby terminated pursuant to Title 18-B M.R.S. §412(2).

        As to Count IV, the Defendant Sarah Isaacson is awarded the following property as her sole and separate property free and clear of any restraint of the said Trust: Lots 2 and 3 as described in the Arbitration Award confirmed hereby, such lots being more particularly described as follows:

**LOT #2**

        A certain lot or parcel of land situated in that part of the Town of Georgetown in the County of Sagadahoc, State of Maine, known as Indian Point, bounded and described as follows:

        **BEGINNING** at a point marked by a 7/8" iron pipe set into the ground westerly of the westerly edge of Loop Road, so-called, said point of beginning also being the point of beginning in the description of the first lot described in that deed from Sarah Chaplin Isaacson in her capacity as Trustee of the Personal Residence Grantor Retained Income Trust to Anne C. Gould, *et als.*, dated June 26, 2008 and recorded in the Sagadahoc County Registry of Deeds in Book 3001, Page 62, and from said point of beginning,

**thence**, running in a direction S 60° 57' W a distance of 99.6 feet to a point marked by a 7/8" iron pipe located 9" below grade within which is set a #5 iron rod 4" above grade being the extreme westerly corner of the lot described herein;

**thence**, turning and running in a direction perpendicular to the last described line S 29° 03' E a distance of 100 feet to a point being the extreme southerly corner of the lot described herein;

**thence**, turning and running in a direction perpendicular to the last called line in a direction N 60° 57' E a distance of 100 feet to a point marking the extreme easterly corner of the lot herein described;

**thence,** turning and running in a direction N 29° 17' W a distance of 100 feet to the 7/8" iron pipe marking the point of beginning.

**MEANING AND INTENDING** to describe the second lot described in the above referenced deed of Isaacson to Gould, *et als.* recorded in the Sagadahoc County Registry of Deeds in Book 3001, Page 62.

## LOT #3

A certain lot or parcel of land situated in that part of the Town of Georgetown in the County of Sagadahoc, State of Maine, known as Indian Point, bounded and described as follows:

**BEGINNING** at a point located 126.23 feet in a direction S 29° 17' E from the point of beginning of the first two lots described in the deed of Isaacson to Gould *et als.* recorded in the Sagadahoc County Registry of Deeds in Book 3001, page 62, said point of beginning for this description of Lot 3 being marked by an iron rod set into an iron pipe 4" below grade, said point of beginning being also the extreme easterly corner of this herein described Lot 3.

**thence**, running a direction S 60° 57' W, a distance of 99.1 feet to a point marked by an iron rod set into the ground with survey cap designation PLS #1272;

**thence**, running in the same direction S 60° 57' W, a distance of 23.6 feet to a point situated slightly westerly and southerly of another point marked by a 7/8" iron pipe 25" above ground, such former point being the extreme southerly corner of Lot 3 described herein;

**thence**, turning and running in a direction N 28° 10' W a distance of 17.3 feet to an iron rod set into the ground with survey cap designation PLS #1272;

**thence**, turning and running in a direction N 53° 11' E a distance of 23.6 feet to a point, said point being the extreme southerly corner of the second lot described in the said Isaacson to Gould deed;

**thence**, turning and running in a direction N 60° 57' E a distance of 100 feet to a point, being the extreme northerly corner of this Lot 3 described herein;

**thence,** turning and running in a direction S 26° 23' E a distance of 20.5 feet to an iron rod placed in an iron pipe, being the point of beginning.

**MEANING AND INTENDING** to describe the third lot described in the above referenced deed of Isaacson to Gould, *et als.* recorded in the Sagadahoc County Registry of Deeds in Book 3001, Page 62

As to Count IV, the Plaintiff Anne C. Gould is awarded the following property as her sole and separate property free and clear of any restraint of the said Trust: Lot 1 as described in the Arbitration Award confirmed hereby, such lot being more particularly described as follows:

### LOT #1

A certain lot or parcel of land situated in that part of the Town of Georgetown in the County of Sagadahoc, State of Maine, known as Indian Point, bounded and described as follows:

**BEGINNING** at a point marked by a 7/8" iron pipe set into the ground westerly of the westerly edge of Loop Road, so-called, said point of beginning also being the point of beginning in the description of the first lot described in that deed from Sarah Chaplin Isaacson in her capacity as Trustee of the Personal Residence Grantor Retained Income Trust to Anne C. Gould, *et als.*, dated June 26, 2008 and recorded in the Sagadahoc County Registry of Deeds in Book 3001, Page 62, and from said point of beginning,

**thence,** running in a direction S 60° 57' W a distance of 99.6 feet to a point marked by a 7/8" iron pipe located 9" below grade within which is set a #5 iron rod 4" above grade;

**thence,** turning and running in a direction perpendicular to the last line in a direction S 29° 03' E a distance of 100 feet to a point;

**thence,** turning and running in a direction S 53° 11' W a distance of 23.6 feet to an iron rod set in the ground bearing survey cap designation PLS #1272, being the extreme southerly corner of the lot described herein;

**thence,** turning and running in a direction N 28° 10' W a distance of 238.1 feet to a point marked by a 7/8" iron pipe set into the ground at the extreme northwesterly corner of the lot described herein;

**thence,** turning and running in a direction N 32° 33' E a distance of 124.8 feet to an iron rod set into the ground with survey designation cap PLS #1272, said point being the extreme northerly corner of the lot herein described;

**thence,** turning and running in a direction S 31° 51' E a distance of 194.5 feet to a point marked by a 7/8" iron pipe set into the ground, being the point of beginning.

**MEANING AND INTENDING** to describe the first lot described in the above referenced deed of Isaacson to Gould, *et als.* recorded in the Sagadahoc County Registry of Deeds in Book 3001, Page 62.

In order to facilitate the parties' use and enjoyment of their respective lots, the parties shall cooperate in the exchange of such licenses and easement instruments as may be necessary to facilitate the same, including, but not limited to easements for utilities, ingress, egress, view and internet.

Each party shall bear that party's own counsel fees and costs.

The Court reserves jurisdiction to amend this final Judgment as necessary as contemplated by the Arbitration Award.

Pursuant to M.R.Civ.P. 79(a), the Clerk of Court is hereby directed to incorporate this Order by reference into the docket. The Plaintiff shall take responsibility for recording this Judgment forthwith in the Sagadahoc County Registry of Deeds upon expiration of the applicable period of appeal.

**IT IS SO ORDERED.**

Dated: _Oct 17_ ,2011

_____
Justice, Maine Superior Court

9/21/11